IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Plaintiff,<br><br>vs.<br><br>CHESTER GARBER, et al.,<br><br>Defendant. | No. CV-F-94-5414 REC<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS UNDER RULE 11 (Doc. 324) |

    Defendants Chester and Emilia Garber have moved the court for sanctions against counsel for National Union in the amount of $2,500.00 pursuant to Rule 11, Federal Rules of Civil Procedure.

    In so moving, the Garbers contend that the request for an award of attorneys' fees incurred by National Union in connection with the various appeals involving this case made in National Union's Motion for Attorneys' Fees filed on July 7, 2000 and in National Union's Updated Motion for Attorneys' Fees filed on December 20, 2002 is precluded by the Ninth Circuit's decision in

1

In re Vasseli, 5 F.3d 351 (9th Cir. 1993).

In its Order filed on February 12, 2001, the court addressed various issues raised by the parties in connection with National Union's Motion for Attorneys' Fees filed on July 7, 2000.  In the February 12 Order, the court "concluded that the claims for attorneys' fees incurred during the bankruptcy proceedings and appeals are recoverable for various reasons by National Union in the Fraudulent Conveyance Action."  Because defendants did not specifically object to the reasonableness of the attorneys' fees requested either in the context of the hours expended or the hourly rates charged, the court deferred final resolution of the amount of the award of attorneys' fees and directed the Garbers to file their opposition to the reasonableness of the attorneys' fees sought by National Union.  In the Garbers' Response to Reasonableness of Plaintiff's Requested Attorneys' Fees filed on March 21, 2001 (Doc. 273), the Garbers asserted in pertinent part:

> 6.   The Court nowhere says anything about attorneys' fees in connection with Appeals, and therefore it would appear that the Court is not allowing $39,441.00 for Appeals against either the Garbers or Ting.  This is in accord with In re Vasseli, 5 F.3d 351, 353 (9th Cir. 1993), which hold that the trial court does not have authority to award fees for a frivolous appeal to the appellate court.

Thereafter, the Garbers appealed the judgment in this action and the court further deferred resolution of the Motion for Attorneys' Fees pending completion of that appeal.  Following

2

resolution of the appeal, National Union filed its Updated Motion for Attorneys' Fees on December 12, 2001, again requesting that the court award attorneys' fees incurred by National Union in connection with the appeal, which included attorneys' fees incurred in connection with the various appeals between October 1, 2000 and November 3, 2002.

The Garbers contend that counsel for National Union, Mr. Reddie, "has chosen to ignore this clearly cited authority and has filed once again for attorneys' fees in connection with an appeal" and argue that Mr. Reddie's request is in violation of Rule 11(b)(2).[1]

The court notes that the Garbers did not argue that this court lacked authority to award the attorneys' fees incurred by National Union in the various appeals until after the court had issued the February 12 Order. Furthermore, as quoted above, the

---

[1] Rule 11(b)(2), Federal Rules of Civil Procedure, provides in pertinent part:

> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances, -
>
> ...
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law ....

3

1  February 12 Order specifically included the attorneys' fees
2  incurred in connection with the appeals, the only remaining issue
3  being the reasonableness of the amount of the attorneys' fees
4  sought by National Union.  As National Union notes, the inclusion
5  of additional fees incurred in connection with the appeals set
6  forth in the Updated Motion for Attorneys Fees was merely an
7  updating the amount of attorneys' fees incurred in connection
8  with the appeals in light of the February 12 Order.

9        In In re Vasseli, the Vassilis, debtors in a bankruptcy
10 proceeding, filed a motion for summary judgment against its
11 creditor, Wells Fargo Bank, which had filed a complaint in the
12 bankruptcy court to determine whether the debt incurred by the
13 Vassili's use of a Wells Fargo credit card was dischargeable.
14 The bankruptcy court granted the Vassili's motion for summary
15 judgment and awarded attorneys' fees to the Vassili's as part of
16 the judgment pursuant to 11 U.S.C. 523 (d).  Wells Fargo appealed
17 the award of attorneys' fees and the grant of summary judgment to
18 the district court.  The district court dismissed the appeal for
19 lack of jurisdiction because the notice of appeal was untimely
20 filed pursuant to Bankruptcy Rule 8002(a).  The Vassilis then
21 moved the Bankruptcy Court for additional attorney's fees for the
22 cost of the appeal to the district court, basing their motion on
23 Section 523(d), which provides in pertinent part:

24> [i]f a creditor requests a determination of
> dischargeability of a consumer debt under
25> subsection (a)(2) of this section, and such
> debt is discharged, the court shall grant
26> judgment in favor of the debtor for the costs

4

|   |   |
|---|---|
| 1 | of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust. |

The Vassilis argued and the Bankruptcy Court agreed that authority to include attorneys' fees on appeal may implied under Section 523(d). In reversing, the Ninth Circuit held:

> ... We hold that while § 523(d) does authorize attorney's fees for the debtor, it does not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation, and refuse to read the authority to award fees incurred on appeal into § 523(d).
>
> The appellate court, not the bankruptcy court, has the authority under Rule 38 to award damages for a frivolous appeal ....
>
> Under Rule 38 any fee request for attorney's fees incurred by a prevailing party must be made to the appellate court. Section 523(d) does not give a bankruptcy court the power to award attorney's fees incurred on appeal. In this case, the Vassilis should have applied to the district court, not the bankruptcy court, for costs incurred on their appeal pursuant to Rule 38.

5 F.3d at 353-354.

    The court concludes that <u>In re Vasseli</u> does not control this court's authority to include attorneys' fees incurred by National Union in responding to the various appeals in this action. Here, one of the grounds upon which National Union relies in seeking attorneys, including those incurred on the appeals, is the bad faith exception to the American Rule. In <u>United States v. Blogett</u>, 709 F.2d 608, 610 (9th Cir. 1983), the Ninth Circuit

5

concluded that the district court had statutory authority under 28 U.S.C. § 1927 and the inherent power "to sanction counsel for filing a frivolous appeal in bad faith, and that filing solely for purposes of delay constitutes bad faith."

Consequently, the court rules that Mr. Reddie did not violate Rule 11, Federal Rules of Civil Procedure and that the Garbers motion is denied.

IT IS SO ORDERED.

**Dated: July 13, 2006**                    /s/ Robert E. Coyle
668554                                      UNITED STATES DISTRICT JUDGE