# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br>    Plaintiff, <br><br> v. <br><br> CHESTER S. GARBER AND EMILIA T. GARBER, <br><br>    Defendants. | DISTRICT COURT CASE NO. 94-5414 AWI DLB <br><br> BANKRUPTCY COURT CASE NO. 94-14422-A-7 <br><br> BANKRUPTCY ADVERSARY PROCEEDING NO. 94-1361-A <br><br> ORDER RE: MOTION TO REFER PROCEEDING BACK TO BANKRUPTCY COURT |

This case has a long and complex background. The court refers to the detailed history set forth in the July 18, 2006 Order written by Judge Robert E. Coyle. Doc. 343. In summary, the Garbers executed certain promissory notes in 1984 for which National Union acted as surety. The Garbers subsequently defaulted. National Union sued the Garbers and was ultimately awarded $155,637.39 in damages (Case No. CV-F-88-0088 REC). The Garbers did not pay the civil judgment and filed for bankruptcy. National Union alleges that they fraudulently transferred their assets to Betty Ting, a family member. National Union then filed this suit to avoid the transfers and enforce payment of the previous civil judgment. Simultaneously, they filed Adversary Proceeding No. 94-1361 in the Garbers' bankruptcy, asserting that the civil judgment is nondischargeable. In the course of prosecuting this case, the relation to the adversary proceeding was raised by the parties. In 1995, Judge Coyle ruled that "this court, although not

familiar with the facts underlying National Union's claims of fraudulent transfer, is very familiar with the facts underlying the entry of the original judgment. Moreover, if the court retains the Counterclaim and Third Party Complaint in order to resolve the various motions to dismiss, it will be more judicially expeditious to have this court hear both the adversary proceeding and the Complaint. Consequently, the court concludes that it will withdraw the reference to the bankruptcy court of the adversary proceeding filed by National Union." Doc. 69, at 13:13-22.

The case then proceeded for several years. In the July 18, 2006 Order, Judge Coyle clearly stated, "the court concludes that the satisfaction of the judgment in the Bond Case [the $155,637.39] moots all issues in this action except those issues relating to the sanction to be imposed on Betty Ting because of her spoilation of evidence and those issues relating to National Union's request for an award of attorneys' fees and costs against the Garbers and Ting." Doc. 343, at 23:20-24:2. National Union has appealed this Order to the Ninth Circuit. Doc. 346.

National Union now asks the court to refer the adversary proceeding to the bankruptcy court. Doc. 357. National Union argues:

> Following the withdraw of the reference of the adversary proceeding, it does not appear that a separate district court case number was ever assigned to the action. Furthermore, none of the parties to the adversary proceeding took any action with respect to the proceeding. It was National Union's position that there was no need to proceed with the adversary proceeding until there was a final determination with respect to the fraudulent transfer action because, depending on the outcome in, there may have been no need to proceed with the adversary proceeding. This court has now rendered its decision with respect to the fraudulent transfer action and National Union has decided that the adversary proceeding now must move forward.

Doc. 358, at 3:1-8. National Union characterizes the adversary proceeding as one which "seeks to deny the Garbers their discharge and seeks a determination that certain debts owing by the Garbers to National Union are non-dischargeable." Doc. 358: at 2:14-15. In the adversary compliant filed in bankruptcy court, National Union stated "National Union has suffered a loss in an amount in excess of $155,637.39, which includes post-judgment costs, attorney's fees and interest accrued to date. By reason of the foregoing, National Union is entitled to an order that the obligation of Defendant to National Union is nondischargeable." See Doc. 1 in Bankruptcy File No. 94-1361, at 8:2-7. In this district court case, National Union's complaint states, "National Union was and still is entitled to judgment against the Garbers in the amount of

$155,637.39. In addition, Notional Union is entitled to interest accrued from the date of original entry of the judgment, as well as costs accrued and incurred in enforcing such judgment.... National Union prays for judgment as follows: Voiding the Garbers' transfer of the stock certificates of Emilia Chua Ting, M.D., Incorporated to Betty Ting and allowing enforcement of the original judgment entered against the Garbers together with interest and costs, against such property, less any applicable exemptions and superior liens." Doc. 1, Complaint, at 8:25-10:17. The two complaints essentially ask for the same relief.

Given the fact that the existing district court case and the adversary proceeding shared the exact same subject matter, National Union is mistaken in its contention that the withdrawn adversary proceeding should have become its own case with its own case number.  The court believes that Judge Coyle's order withdrew the adversary proceeding directly into the present district court case, effectively consolidating it.  Judge Coyle's July 18, 2006 Order was a ruling on all substantive matters in the case.  This court finds that order encompasses the adversary proceeding.  Since the July 18, 2006 Order is on appeal to the Ninth Circuit, this court lacks the jurisdiction to revisit the merits of the case. See Pyrodyne Corp. v. Pyrotronics Corp., 847 F. 2d 1398, 1403 (9th Cir. 1988).

The motion is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

**Dated:   August 29, 2007**          /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE